IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Nancy Payne, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 0:17-cv-203-PMD-PJG |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Nancy Payne's objection to United States Magistrate Judge Paige J. Gossett's report and recommendation ("R & R") (ECF Nos. 16 & 14). The Magistrate Judge recommends that the Commissioner's decision be affirmed. For the reasons stated herein, the Court overrules Payne's objection and adopts the R & R.

**PROCEDURAL HISTORY**

The Magistrate Judge issued her R & R on February 23, 2018. Payne filed her objection to the R & R on March 9, and the Commissioner replied on March 20. Accordingly, this matter is now ripe for review.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's recommendations and proposed findings within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may

accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151–52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

Payne raises a lone objection to the R & R's analysis, contending that the Magistrate Judge and the ALJ failed to properly evaluate her fibromyalgia. All parties agree that Payne's fibromyalgia does not meet the criteria necessary to conclude that her fibromyalgia is a medically-determinable impairment based on the 1990 criteria set forth in Social Security Ruling 12-2p. However, Payne asserts that the ALJ failed to consider whether she met the alternative 2010 criteria also set forth in SSR 12-2p. The Court disagrees.

In order to satisfy either the 1990 or the 2010 criteria, SSR 12-2p requires in relevant part that medical doctors must have excluded other disorders that could cause the symptoms of fibromyalgia. SSR 12-2p, 2012 WL 3104869 (July 25, 2012). The Magistrate Judge notes in her R & R that the ALJ specifically concluded that there was "no evidence that medical doctors have excluded other impairments as required in SSR 12-2p." (Social Security Admin. R., ECF No. 9, at 23.) The Court agrees with the Magistrate Judge that the ALJ's statement refers to both sets of criteria set forth in SSR 12-2p. The Court further agrees with the Magistrate Judge that Payne's failure to specifically reference any evidence in the record is fatal to her general assertion that her

treatment records demonstrate that other impairments were excluded. Payne bears the burden of proving her disability, and her general assertion, without any specific citation to the record, is insufficient for the Court to find that the ALJ's decision was not supported by substantial evidence.

As further evidence that other impairments were excluded, Payne points to the ALJ's statements that "the record does not support the severity of the symptoms, as alleged," and that "[t]hese objective and diagnostic test findings are not consistent with the alleged incapacitating impairments and indicate the claimant's impairments may not be as severe or debilitating as alleged." (*Id.* at 28.) Payne argues that those statement are evidence that the ALJ effectively excluded other impairments as causing Payne's fibromyalgia symptoms because the ALJ concluded that objective evidence did not support those other impairments. Here, the Court again agrees with the Magistrate Judge that this argument is speculative, and that the ALJ's statements relate to the degree or severity of Payne's seizure and COPD impairments. Those findings alone do not create a reasonable inference that medical doctors excluded other impairments that could have caused Payne's fibromyalgia symptoms. More critically, that speculative argument is insufficient to undermine the ALJ's explicit conclusion that "there is no evidence that medical doctors have excluded other impairments as required in SSR 12-2p." (*Id.* at 23.)

As for Payne's reliance on *Pearson v. Commissioner of Social Security*, No. 1:16-cv-2726-PMD-SVH, 2017 WL 1378197, at *17 (D.S.C. Mar. 29, 2017), the Court agrees with the Magistrate Judge that it is plainly distinguishable from this case. In *Pearson*, the ALJ did not consider whether the claimant's fibromyalgia equaled a fibromyalgia listing. 2017 WL 1378197, at *17. Here, the ALJ explicitly did conclude that Payne's fibromyalgia did not meet the listing at step three. Moreover, the ALJ clearly explained her conclusion that Payne did not have symptoms associated with fibromyalgia.

Finally, the Court agrees with the Government that to the extent Payne now wishes to raise the argument that the ALJ should have contacted Plaintiff's medical providers, that issue is waived as it was first raised in Payne's objections and was not presented to the Magistrate Judge. *See Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017).

## **CONCLUSION**

For the reasons stated herein, it is **ORDERED** that Payne's objection is **OVERRULED**, that the R & R is **ADOPTED**, and that the Commissioner's decision is **AFFIRMED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**June 14, 2018**
**Charleston, South Carolina**

4